FILED

April 8 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0320

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 117N

IN RE THE MARRIAGE OF
SUSAN K. SARTORIE, n/k/a SUSAN K. HOVE,

        Petitioner and Appellee,

   and

MICHAEL SARTORIE,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 2002-819
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            George T. Radovich, Attorney at Law, Billings, Montana

        For Appellee:

            Jill Deann LaRance, LaRance & Syth, P.C., Billings, Montana

            Submitted on Briefs:  March 18, 2009

            Decided:  April 7, 2009

Filed:

          _____
                       Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Sartorie (Mike) and Susan K. Hove (Susan) were divorced by a court decree on April 23, 2003. Mike and Susan have one minor child (J.S.), who is eight years old. Mike now appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, adopting an Amended Final Parenting Plan between the parties. We affirm.

¶3 After Susan and Mike were divorced, they entered into a Stipulated Final Parenting Plan. In the spring of 2004, Mike sought an order of protection against Susan. Prior to the hearing on the order, Mike's previous attorney withdrew and he retained a new one. The District Court denied Mike's request, and told the parties to work out their differences. In August 2004, Mike retained another attorney and filed a petition challenging the parenting plan. When Mike disagreed with the recommendations of a court-appointed doctor, the matter went to trial. Following the trial, the District Court adopted Susan's proposed amended parenting plan.

¶4 In August 2006, Mike changed attorneys yet again. On February 12, 2007, Mike filed a petition to modify the parenting plan. On November 30, 2007, Mike filed a

motion for an appointment of an evaluator. The District Court appointed Dr. Bruce Chessen (Dr. Chessen) to conduct a full parenting plan evaluation. This was the third full evaluation in 5 years. Prior to the District Court's ruling, both parties submitted proposed findings of fact and conclusions of law. On June 11, 2008, the District Court adopted an Amended Final Parenting Plan pursuant to the recommendations of Dr. Chessen. The District Court also found Mike in contempt of court for failure to follow the previous parenting plan, and awarded Susan costs and attorney fees associated with filing the contempt motion against Mike in order to enforce provisions of the parenting plan.

¶5 Mike now appeals from the District Court's order. He presents two issues. First, he argues that the District Court committed reversible error by adopting Susan's proposed findings of fact and conclusions of law virtually verbatim without support in the evidence. Second, Mike argues that the District Court violated his constitutional and statutory parenting rights when it allegedly granted parenting rights to J.S.'s maternal grandparents.

¶6 We review a district court's findings relating to custody modifications under the clearly erroneous standard. *In re Custody of Arneson-Nelson*, 2001 MT 242, ¶ 15, 307 Mont. 60, 36 P.3d 874. Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or a review of the record convinces us that a mistake has been made. *Arneson-Nelson*, ¶ 15. We will reverse a district court's decision to modify custody or visitation only when an abuse of discretion is clearly demonstrated. *Arneson-Nelson*, ¶ 15.

3

¶7    After reviewing the record in this case and the briefs of both parties, we conclude that Mike has failed to show that the District Court's findings of fact in support of its decision are clearly erroneous, or that it abused its discretion in any regard. Mike's argument on appeal is simply an attempt to have this Court reweigh the evidence before the District Court and arrive at an outcome more favorable to him. We decline this invitation to substitute our judgment on the strength of the evidence for that of the District Court in the absence of a showing that the District Court's findings are clearly erroneous. *See In re A.S.*, 2006 MT 281, ¶ 51, 334 Mont. 280, 146 P.3d 778. Because Mike has failed to meet his burden in this regard, we affirm the District Court.

¶8    Secondly, as Susan points out, Mike' statutory and constitutional arguments were never raised before the District Court. Thus, we decline to address them for the first time on appeal. *See Vader v. Fleetwood Enterprises, Inc.*, 2009 MT 6, ¶ 37, 348 Mont. 344, 201 P.3d 139.

¶9    Finally, Susan requests that we award her attorney fees under M. R. App. P. 19(5) for having to defend against Mike's appeal. Susan argues that Mike's appeal raises non-viable issues and fails to support those issues with proper analysis and legal authority. Accordingly, Susan argues that this appeal is frivolous and that an award of attorney fees and costs is an appropriate sanction.

¶10   We agree. M. R. App. P. 19(5) allows this Court to grant a sanction of costs, attorney fees, or such monetary or non-monetary penalty as this Court deems proper, for appeals which are determined to be frivolous, vexatious, or taken without substantial reasonable grounds. Having considered Mike's appeal in this case and the history of

4

these proceedings, we determine that Mike's instant appeal is vexatious, and taken without substantial reasonable grounds. In this connection, we note that Mike is on his fourth attorney at this point in the proceedings, and had previously been admonished by the District Court for using his "money and power" to prolong the litigation, instead of trying to reduce the conflict between himself and Susan and focusing on the interests of J.S. Moreover, Mike's appellate argument is not supported with proper authority and is simply devoid of legal merit. Accordingly, we remand this matter to the District Court to determine a proper award of attorney fees for the work done by Susan's attorney on appeal. *See Vader*, ¶ 52.

¶11  We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err or otherwise abuse its discretion in adopting the Amended Final Parenting Plan. Therefore, we affirm and remand to the District Court for a determination of reasonable attorney fees and costs incurred by Susan's attorney for work done on appeal.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS